WILLIAM MAAS, Respondent, v. WILLIAM H. RETTKE and Johanna Rettke, Appellants.

(170 N. W. 309.)

**Mortgage — by husband and wife — to secure payment of husband's individual note long past due — no extension of time — no new consideration — no new note — wife merely a surety.**

1. Where the owner of land executes a mortgage thereon to secure a note

NOTE.—Authorities discussing the question of necessity of new consideration to bind third person who signs as surety, indorser, or guarantor after execution and delivery of original contract by principal are collated in notes in 44 L.R.A.(N.S.) 481, and L.R.A.1918E, 579.

long past due at the time of the execution of the mortgage, and there is no new or independent consideration for the mortgage and no extension of time of payment of the note, and the payee has surrendered no existing legal rights, and there is no new note, payable on demand or at a future time, taken at the time of the execution and delivery of the mortgage, *held* that the wife of the mortgagor, who signed the mortgage with her husband, was merely a surety.

**Original consideration of old note — wife receiving no part — execution of mortgage by wife — without consideration.**

2. And, further, *held* that there was no consideration, so far as she was concerned, for the execution and delivery of the mortgage, it also appearing that she received no part of the consideration of the past due note which the mortgage was given to secure.

Opinion filed November 29, 1918.

Appeal from the District Court of Mercer County, North Dakota, Honorable *J. M. Hanley,* Judge.

Reversed and remanded.

*H. L. Berry,* for appellants.

"Where an aged German woman, unacquainted with business forms, had agreed to convey land subject to a lease and is subsequently induced by false representations of the grantee to execute a warranty deed making no mention of such lease, she is entitled to have the deed reformed in equity so as to conform to the agreement of the parties." Kyle v. Fehley, 81 Wis. 67, 29 Am. St. Rep. 866; Koch v. Poitras, 36 N. D. 144.

It is fraud to knowingly disclose to the other party only a part of the real and material facts. Smith, Frauds, p. 8; Page v. Parker, 43 N. H. 363; Camp v. Camp, 2 Ala. 636.

The execution by appellant of the mortgage with her husband on their homestead to secure the payment of the husband's long past due promissory notes, the appellant not having received any of the benefits resulting from the original notes, and no new note being given at the time, and no new consideration passing to appellant, and no extension of time on the old notes, was without consideration to appellant.

A consideration is a benefit flowing from the promisee to the promisor, or a prejudice suffered by the promisee on behalf of the prom-

isor. Comp. Laws 1913, § 5872; Kansas Mfg. Co. v. Grandy, 11 Neb. 448, 38 Am. Rep. 370; Barnes v. Van Keuren, 31 Neb. 585, 16 N. W. 834; Linton v. Cooper, 53 Neb. 400, 73 N. W. 731; First Nat. Bank v. Lamont, 5 N. D. 393; Omlie v. Toole, 16 N. D. 126.

"A mortgage given for a pre-existing debt of the husband without any new consideration is without consideration and unenforceable." Chaffee v. Browne, 109 Cal. 211, 41 Pac. 1028; Wilhelm v. Schmidt, 84 Ill. 183; Bridges v. Blake, 106 Ind. 332, 6 N. E. 833; Kansas Man. Co. v. Grandy, 11 Neb. 448, 38 Am. Rep. 370, 9 N. W. 569; 32 Cyc. 54.

"As a past due consideration is no consideration at all a surety who executed the instrument after its delivery is not bound." Bridges v. Blake (Ind.) 6 N. E. 833.

*A. T. Faber,* for respondent.

Proof of the execution and delivery of the mortgage established a prima facie case, and it devolved upon appellant to show want of consideration, and the proof of the same must be clear and convincing. Braz v. Connor, 82 Ala. 183; Leffman v. Brill, 142 Fed. 44; Roth v. Adams, 185 Mass. 341.

An antecedent indebtedness of the principal is sufficient consideration for a note signed by the surety. Altman, etc. Co. v. ——— (Mich.) 49 N. W. 486; Nichols & Shepard v. Dedrick, 63 N. W. 1110; Bennett v. Ellis, 83 N. W. 429.

An extension of time of payment to the debtor is a sufficient consideration to support a mortgage given by a third person and a covenant by him to pay the debt. Forrester v. Parker, 14 Daly, 208, 6 N. Y. Supp. 274.

The waiver of a right or forbearance to exercise the same is a sufficient consideration for a promise made on account of it. Pollock v. Billing, 131 Ala. 519; White v. White, 52 Ala. 401; Gunther v. Gunther, 181 Mass. 217; Clakins v. Chambers, 36 Mich. 320; Union Trust Co. v. Synda, 88 N. W. 407; Hamer v. Sidway, 124 N. Y. 538.

The waiver of a right of forbearance to sue may be in respect to a liability or debt of a third person, and not that of the promisor. Biddle v. Hanna, 25 Ala. 484; Barringer v. Warden, 12 Cal. 311; Workey v. Sipe, 111 Ind. 338, 12 N. E. 485; Howe v. Taggart, 113 Mass. 284; Clakins v. Chandler, 36 Mich. 320.

A benefit to a third person is a sufficient consideration for a promise. Martin v. Black, 20 Ala. 309; Brown v. Tipton, 64 Md. 275; Traders Nat. Bank v. Parker, 130 N. Y. 415; 9 Cyc. 335, 343.

An actual forbearance is evidence of an agreement to forbear, and it is of no moment that no set time is specified. The law presumes a reasonable time. Boyd v. Freize, 5 Gray, 553; Strong v. Sheffield, 144 N. Y. 392; Ford v. Crunter, 18 S. W. 1034; Security Nat. Bank v. Pulver, 155 N. W. 641; Roberts v. Bauer, 35 La. Ann. 453; Croft v. Bunster, 9 Wis. 503; Re New York, Fed. Cas. No. 18,138; Schafer v. Glade, 195 Ill. 62; Wood v. Conit, 34 N. Y. 434; Text and Notes Am. & Eng. Enc. Law, 243 to 249.

GRACE, J. Appeal from the judgment of the District Court of Mercer County, North Dakota, Honorable J. M. Hanley, Judge.

This is an action to recover the sum of $500 with interest on a certain covenant contained in a mortgage on land signed by the defendants. The facts in the case are as follows:

Dittus Brothers was a copartnership engaged in the machinery business. The defendant, William H. Rettke, became indebted to them in the sum of $500 for said machinery, and on the 3d day of May, 1910, he gave Dittus Brothers his note for $200 payable June 1, 1910, and on the same day gave his note to them for $300 payable October 1, 1910. He was a single man at this time and was the owner of the N.W. ¼ of section 34, township 143, range 88. After the execution and delivery of said notes, and on the 29th day of October, 1910, he married, and the other defendant in this case, Johanna Rettke, is his wife. After their marriage, they moved to and continued to live upon the land hereinbefore described and were living thereon at the time of the execution and delivery of that certain real estate mortgage upon said land, which contained the covenant, to recover upon which this suit is brought.

The complaint states the cause of action by setting out therein the terms of the notes which were executed and delivered by William H. Rettke at the time stated, and the further cause of action upon the covenant contained in the mortgage which was executed and delivered the 22d day of August, 1911, and which was afterward recorded in the office of the register of deeds in Mercer county. At the time

Johanna Rettke married William H. Rettke, she was the owner of her separate property, among which was certain land which she had proved up as a government homestead.

Defendant William H. Rettke, for his separate answer, admitted the execution and delivery of the notes but pleaded as a bar to any recovery thereon, his discharge as a bankrupt, under the Uniform National Bankruptcy Act. That he was discharged from all his debts and obligations is undisputed. It is admitted that he was discharged in bankruptcy. This being true, he was discharged from all provable debts against his estate in bankruptcy contracted prior to the time he was so adjudged to be bankrupt. The present action as to him was dismissed.

The covenant in the mortgage in question upon which recovery is sought against Johanna Rettke, reads thus:

"And said William H. Rettke and Johanna Rettke, his wife, do further covenant and agree to and with the said parties of the second part, their heirs, executors, administrators and assigns, to pay said sum of money above specified, at the time and in the manner above mentioned together with all the costs and expenses."

The amount specified in the mortgage is $500 and was according to the condition of two notes which are the identical notes heretofore referred to and which were signed only by William H. Rettke. The defendant, Johanna Rettke, by her separate answer, interposed as her defense to any recovery upon the covenant in question: First, a total want of consideration; second, that her signature to the mortgage was procured by false and fraudulent representations upon which she relied and by which she was deceived, and that she was unable to read English and relied upon the Dittus Brothers to tell her the meaning of what the said mortgage contained, and that she was deceived by said Dittus Brothers in the amount of the notes described in the mortgage; that the plaintiff bought the mortgage after the maturity of the notes. The mortgage, after its execution and delivery, was assigned by written instrument by the Dittus Brothers to the plaintiff in this action.

After the close of the testimony the plaintiff moved for a directed verdict in his favor against the defendant, Johanna Rettke, for the sum of $500 with interest thereon from May 3d, 1910, at 10 per

cent, which amount was the sum of the two notes executed by defend-
ant, William H. Rettke, at the time and in the manner hereinbefore
stated.   The defendant, Johanna Rettke, moved for a directed verdict
in her favor on the ground that there had been no showing of any
new consideration for her covenant in the mortgage to pay their debt.
Both parties having moved for a directed verdict, the trial court held
that the action became a court case so far as the defendant, Johanna
Rettke, is concerned.   The defendant, Johanna Rettke, interposed
some further defenses which we do not deem material to consider.
The court, after due consideration, entered judgment against defend-
ant, Johanna Rettke, for the full amount demanded.   She has perfect-
ed an appeal to this court from such judgment.   The questions pre-
sented in this appeal are:   What is the relation of Johanna Rettke
to the transaction?   What, if any, is her liability?   The answers to
these two questions will dispose of the case.

We have no hesitancy in stating that her relation to the transaction
is that of surety.   It is stated in the syllabus of the People's State
Bank v. Francis, 8 N. D. 369, 79 N. W. 853, that "where Francis
executed certain promissory notes and a mortgage upon certain real
estates belonging to himself to secure the same, and, at his request,
his wife also executed the mortgage, and the mortgage contained an
express covenant that the mortgagors would pay the debt thereby
secured in accordance with the terms of said notes, but the wife did
not sign the notes, and the mortgagee knew that the debt secured was
the debt of Francis, the obligation assumed by the wife in the cov-
enant, contained in the mortgage was, to the knowledge of the mort-
gagee, that of surety for Francis."   In that case, Mrs. Francis
declined to sign the notes.   She signed the mortgage on the state-
ment of the parties representing the bank that they desired to shut
out any right of dower Mrs. Francis might have.

Among other questions asked the defendant, Johanna Rettke, were
the following:

Q. Did you say that you would have to sign the mortgage to make
it good on the homestead?

A. Yes.

Q. On his homestead?

A. Yes.

The testimony of defendant, Johanna Rettke, also tends to show clearly that she would not have signed the mortgage had she believed that it would have affected her own property. In other words, create a liability which might be collected from her out of her own separate property. Agnes Johnson, a daughter of the defendant, Johanna Rettke, testified that Dittus, at the time of the execution of the mortgage on the 17th day of August, 1911, told her (Johanna Rettk~) it would not affect her claim any or any of her property if she would sign it. On the cross-examination of Emmanuel Dittus, there is the following testimony:

Q. What time of the day was it when you got out there?

A. You got me on that.

Q. You don't remember the time of the day?

A. I think it was in the forenoon.

Q. Did you tell Mrs. Rettke that this mortgage was a mortgage on her husband's place?

A. No, I did not.

Q. Did Mr. Nathan tell her that? Did he tell her that without her signature on this mortgage it would not be a valid mortgage on her husband's place?

A. Yes.

Q. Did she first refuse to sign it?

A. I think she said if it won't affect her quarter she would sign it.

Q. She said she would not or she did not want to become liable for her husband's debts?

A. No.

Q. She was willing to become liable for her husband's debts?

A. She agreed.

Q. She said, "I will agree to pay it but I don't want it to affect my land?"

A. No.

Q. Did she say that she did not want to become liable for any of her husband's debts contracted before her marriage?

A. No.

We think the effect of the testimony as a whole is to show that

Johanna Rettke signed the mortgage to make it good against the land in question, the land at the time of the execution of the mortgage in question being a homestead under the laws of this state, and that the testimony further clearly shows that she did not intend to become personally liable for the payment of the debt of her husband nor assume any personal liability so that her husband's debts might be realized upon or out of her separate property. In any event, we do not believe there was any consideration for the mortgage at the time of the execution and delivery of it. The husband's debts to Dittus Brothers, that is, the notes, were long past due, there had been no extension of time of payment of the same; there was no new consideration; there was no independent consideration to make it obligatory upon the surety; she received no part of the consideration of the notes, and the contract, that is, the mortgage, was entered into long after the notes had been executed and delivered and accepted by the payee, and long after they had become past due; and there was no surrender by the Dittus Brothers at the time of the taking of the mortgage of any existing legal right. In the case of Bank of Carrollton v. Latting, 37 Okla. 8, 44 L.R.A.(N.S.) 481, 130 Pac. 144, it is said in the syllabus:

"The signing of a note as surety some days after the principal had executed the same and after the delivery and acceptance thereof and after the consideration had passed without any agreement that the surety's name would be secured to the note, is without consideration."

"When a note has been fully executed and delivered and subsequently thereto, a new party signed it as surety, there must be an independent consideration to make it obligatory upon the surety. The defendant's contract (whether it be that of guarantor or surety) having been entered into after the note had once been delivered and accepted by the payee, and the transaction had become fully executed, required proof of a distinct consideration to support it; and, in the absence of evidence tending to establish a new consideration, the undertaking is *nudum pactum*."

The note in the L.R.A. report above referred to, is as follows:

"Necessity of new consideration to bind third person who signs as surety, endorser, or guarantor, after execution and delivery of orig-

inal contract by principal," then follows abundant and unlimited authority supporting this principle.

In the case at bar, defendant, Johanna Rettke, is a surety, and the mortgage which she signed without any new or independent consideration long after the delivery of the notes by her husband to the Dittus Brothers and long after the maturity thereof, is, as we view it, wholly without consideration. We are of the opinion, also, that there being no consideration for the execution and delivery of the mortgage, it is entirely unnecessary to discuss the question of fraud. As we view the case, the fact that there was no consideration for the mortgage, as has been fully shown, fully disposes of the case.

Judgment appealed from is reversed and the case is remanded for further proceedings in harmony with this opinion. Appellant is allowed the statutory costs on appeal.

ROBINSON, J. (concurring). The defendant Johanna Rettke appeals from a judgment against her on a covenant in a mortgage which was made to Dittus Brothers, and by them assigned to the plaintiff. The mortgage was made to secure two past due promissory notes made by William Rettke to Dittus Brothers for $200 and interest at 12 per cent, and $300 and interest at 12 per cent. It was made and dated August 17, 1911. It was made subject to mortgages for $1,000, $500 and $300 interest,—on N. W. quarter of 34–143–88. This was the homestead of appellant and her husband. The mortgage contains a description of the promissory notes, and, in small five or six point letters, a covenant "to pay the sum of money above specified at the time and in the manner above specified." The covenant is one of twenty-one lines in the small type.

The defenses of appellant are: (1) That her signature to the covenant was obtained without her knowledge by artifice and false representations; (2) that she received no consideration for the covenant.

As the record shows when appellant signed the mortgage, she was the wife of the maker of the notes, who was a bankrupt and was subsequently discharged in bankruptcy proceedings. The quarter section was the homestead of the appellant and her husband. She had been left a widow with some property which she refused to mortgage or encumber. She was a German woman who could not read Eng-

lish and she signed the mortgage to waive her homestead rights, and did so, relying on representations that she incurred no personal liability. Of course, there is a dispute on that point, but the testimony of the plaintiff, her mother, and her husband, is entirely convincing.

The Dittus Brothers were business men and so was the notary public who represented them and prevailed on the plaintiff to sign the mortgage. Assuredly they would never have taken the mortgage to secure such past due paper, if they had thought it possible to induce the appellant to sign a renewal note. It is entirely certain the appellant never received any consideration for a covenant to pay the notes. We vainly search the complaint, the findings of the court and the testimony for any averment or proof of a consideration. Moreover, the appellant was under no legal or moral obligation to pay the notes.

A contract or covenant is an agreement to do or not to do a particular thing. Comp. Laws, § 5836.

It is essential to the existence of a contract that there should be a sufficient consideration. Comp. Laws, § 5837.

The consent of parties to a contract must be free and mutual and communicated by each to the other. Comp. Laws, § 5842.

Consent is not free when obtained by mistake of law or fact or a mistake of law by one party of which the others are aware at the time of contracting, but which they do not rectify. Comp. Laws, § 5855.

The consideration of a contract is any benefit to the promisor or any prejudice to the other party. Comp. Laws, § 5872.

Here there is no showing of benefit to the mortgagor, nor of prejudice to the mortgagee. There is no showing that appellant ever knew of the covenant to pay the mortgage debt. There is a showing that by artifice, Dittus Brothers and their notary public induced the appellant to sign the mortgage. They knew that she signed it under a mistake of law and fact which they had induced and did not attempt to correct. Of course, the mortgage was not negotiable, and the present holders stand only in the place of the mortgagees.

The judgment should be reversed.